UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DAVID BUSBY                     *     DOCKET NO.  07-0173

VERSUS                          *     JUDGE JAMES

MICHAEL J. ASTRUE,              *     MAGISTRATE JUDGE HAYES
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Before the court is claimant's petition for review of the Commissioner of Social

Security's denial of his application for Disability Insurance Benefits.  The appeal was referred to

the undersigned United States Magistrate Judge for proposed findings of fact and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).   For the reasons assigned below,

it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for

further proceedings.

## Background & Procedural History

David W. Busby filed the instant application for Disability Insurance Benefits on

November 30, 2004.  (Tr. 49-51).  He alleged disability since October 8, 2003, due to "L-4

bulging disk injury."  (Tr. 49, 60).  The claim was denied at the initial stage of the administrative

process. (Tr. 24, 34-37).  Thereafter, Busby requested and received a February 22, 2006, hearing

before an Administrative Law Judge ("ALJ").  (Tr.233-249).  However, in a June 8, 2006,

written decision, the ALJ determined that Busby was not disabled under the Act, finding at Step

Five of the sequential evaluation process that he was able to make an adjustment to other work

that exists in substantial numbers in the national economy.  (Tr. 10-18).  Busby appealed the

adverse decision to the Appeals Council.  On December 11, 2006, the Appeals Council denied

his request for review, and thus the ALJ's decision became the final decision of the

Commissioner.  (Tr. 5-7).

On January 31, 2007, Busby sought review before this court.  He contends that the ALJ's

residual functional capacity assessment is not supported by substantial evidence.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the

ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa*

*v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is

supported by substantial evidence, the findings therein are conclusive and must be affirmed.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported

by substantial evidence when the decision is reached by applying improper legal standards.

*Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

*Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a

preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  *Muse v. Sullivan*, 925 F.2d 785, 789

(5th Cir. 1991).  Conversely, a finding of no substantial evidence is proper when no credible

medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340,

343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de*

*novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232,

(5th Cir. 1994).

2

**Determination of Disability**

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).   Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)   An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)   An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)    An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)   If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be

made.

(5)   If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ determined at Step Two of the sequential evaluation process that Busby had a severe impairment of "degenerative disc disease of the lumbar spine." (Tr. 18). However, the impairment was not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 15, 18).

The ALJ next determined that Busby retained the residual functional capacity to "perform sedentary work activity-lift/carry 10 pounds, stand/walk two hours a day, sit for six hours a day with sit/stand option and occasionally balance, stoop, kneel and crouch and climb, but no ladders,

scaffolds, etc." (Tr. 16).[1]  Plaintiff contends that the ALJ's residual functional capacity is not supported by substantial evidence.

At the outset, the court observes that the record contains an assessment by a Disability Determination Examiner ("DDE") that Busby retained the residual functional capacity for light work.  (Tr. 26-33).  The ALJ weighed the opinion of the DDE as a non-examining source.  (Tr. 16).  However, a DDE is not a medical doctor, and his opinion is not considered an acceptable medical source statement or afforded the same weight as an opinion of a medical or psychological consultant of the state agency.  20 C.F.R. 404.1527(f) and 416.927(f).  The opinion of the DDE can only be considered as lay evidence and is afforded little probative value.  20 C.F.R. 404.1513(d)(3) and 416.912(d)(3).

On July 13, 2004, plaintiff underwent a functional capacity evaluation ("FCE") conducted by Tom Byrd, PT.  (Tr. 94-112).  The FCE indicated that Busby could frequently lift and carry up to 17 pounds, and occasionally lift or carry up to 35 pounds.  *Id*.  He could also frequently, sit, stand, and walk.  *Id*.  However, the FCE apparently defined "frequently" as up to 66 percent of the time, in accordance with the Dictionary of Occupational Titles.  (Tr. 96-97; *Dictionary of Occupational Titles*, Appdx. C, Part IV (4th Ed. Rev. 1991).

In his brief, the Commissioner aptly points out that a physical therapist is not an

---

[1]  Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally
> lifting or carrying articles like docket files, ledgers, and small tools.
> Although a sedentary job is defined as one which involves sitting, a
> certain amount of walking and standing is often necessary in
> carrying out job duties.  Jobs are sedentary if walking and standing
> are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

"acceptable medical source" under the regulations. *See*, 20 C.F.R. § 404.1513(a). However, at various times during the relevant period, plaintiff's three primary physicians, Myron Bailey, M.D, John Ledbetter, M.D., and James Eppinette, M.D., essentially adopted the functional limitations as set forth in the FCE. (Tr. 117, 169, 202-203).[2] In so doing, plaintiff's physicians necessarily agreed with the FCE's finding that Busby could sit for up to two-thirds of a work day, or for a total of less than five and one-half hours.[3] However, to perform the full range of sedentary work, the claimant must be able to sit for six hours in an eight hour day. SSR 96-9p.[4] Moreover, the vocational expert ("VE") testified that a sit/stand option would not cure an inability to sit for up to six hours per day. (Tr. 247-248). In sum, the ALJ's determination that plaintiff retained a residual functional capacity for sedentary work is not supported by substantial evidence.

It could be argued that in light of the FCE, plaintiff's daily activities, and the VE testimony, there was significant evidence that plaintiff was capable of some version of work at the light exertional capacity. (Tr. 94-112, 78-81, 245-246).[5] However, in the aftermath of the

---

[2] Dr. Ledbetter recited the FCE findings without disapproval. (Tr. 169).

[3] Plaintiff's testimony also did not support the ability to sit for any length of time. (Tr. 243).
Wayne Rutledge, a nurse practitioner, indicated that Busby could sit for six hours intermittently. (Tr. 210-212). However, he further indicated that Busby could only work a total of four hours per day and suffered severe limitations such that he was incapable of sedentary activity. *Id*.

[4] The occupational base will be otherwise eroded. *Id*.

[5] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves

ALJ's decision, plaintiff submitted additional evidence to the Appeals Council.  (Tr. 231-232).

The post-ALJ submission consisted of a medical source statement from plaintiff's treating

physician, Dr. Eppinette, which stated that Busby could only sit for four hours in a maximum

workday of four hours.  *Id*.  Dr. Eppinette further indicated that Busby needed to occasionally lie

down during the workday.  *Id*.  This evidence constitutes part of the instant record – provided

that it is new, material and related to the period before the ALJ's decision.  *See, Higginbotham v.*

*Barnhart*  405 F.3d 332 (5th Cir. 2005); 20 C.F.R. § 404.970(b).[6]  There is no question that the

evaluation is new and material.  *See*, discussion, *supra*.[7]  The only potential issue is whether it

relates to the period before the ALJ's decision.

The Appeals Council reviewed the medical source statement, but succinctly concluded

that it did not provide a basis for changing the ALJ's decision.  (Tr. 5-6).  However, the medical

---

> sitting most of the time with some pushing and pulling of arm or
> leg controls.  To be considered capable of performing a full or wide
> range of light work, you must have the ability to do substantially
> all of these activities.  If someone can do light work, we determine
> that he or she can also do sedentary work, unless there are
> additional limiting factors such as loss of fine dexterity or inability
> to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[6]  *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human*
*Servs.* as support for its finding that post-ALJ evidence is to be considered part of the record.
*See, Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*, *Perez v. Chater*, 77 F.3d 41, 44–45 (2d
Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en*
*banc*)).  Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and
relevant to the pre-ALJ decisional period.  *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. §
404.970(b)).

[7]  The Commissioner argues in his brief that Dr. Eppinette's statement is not supported by
other record evidence.  However, "the ALJ's decision must stand or fall within the reasons set
forth in the ALJ's decision, as adopted by the Appeals Council."  *Newton v. Apfel*, 209 F.3d 448,
455 (5th Cir. 2000) (citation omitted).  Here, the Appeals Council provided no specific rationale
for discounting the new evidence.

source statement is dated July 5, 2006, – less than one month after the ALJ's decision. Moreover, there is no evidence of any deterioration in plaintiff's condition between the time of the ALJ's decision and the date of the medical source statement. Accordingly, the medical source statement is relevant to the time period at issue. If this evidence is accepted by the ALJ upon remand, it is unlikely that plaintiff could perform light work or any other work. *See e.g.*, Tr. 247 (an employee who has to lie down for one hour during the day is not employable in any job). Thus, the new evidence further undermines the ALJ's residual functional capacity determination. *See*, discussion, *supra*.

Because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the undersigned finds that the ALJ's ultimate conclusion that plaintiff is not disabled is likewise not supported by substantial evidence.

For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of September, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE